# EXHIBIT A



At I.A.S. Part __30__ of the
Supreme Court of the State of
New York, held in and for the
County of Bronx at the
Courthouse located at 851 Grand
Concourse, Bronx, New York

Present:

On the __10th__ day of __March__
2025.

## HON. ERIK L. GRAY, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X

                                    Plaintiff,                    **ORDER TO SHOW CAUSE**

            -against-
                                                        Index No.: 805101/2025E
DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH
LABS, LLC,
------------------------------------------------------------------X

        Upon reading of the Summons and Complaint in this action annexed at Exhibit "A",

efiled on March 4, 2025, the Affirmation of Craig Phemister, Esq., dated March 5, 2025, the

Affidavit of Plaintiff _____ annexed at Exhibit "B", and any other materials

submitted in support of this motion for plaintiff to proceed anonymously as identified in the

Amended Summons and Complaint at Exhibit "C", Let the defendants herein, by their counsel,
before this court at IAS Part 30, Room 703, located at 851 Grand Concourse, Bx, NY 10451
SHOW CAUSE on the __15th__ day of __May__, 2025, at __9:30am__ or as soon

thereafter as counsel can be heard, why an Order should not be made directing,

    1. That the plaintiff be permitted to proceed under a pseudonym, and

    2. That the County Clerk enter and record all papers in this action under the title *"JANE

        DOE v. DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH LABS, LLC"*

        and that the original Summons and Complaint (NYSCEF doc #1) and this Order to

Show Cause be sealed and for leave of Court to replace it with the Amended

Complaint (NYSCEF doc #3) which reflects plaintiff's name changed to a

pseudonym, and it is further

**ORDERED**, that pending the hearing ~~and determination~~ of this ~~petition~~ *Motion*, the Defendants are

prohibited from releasing Plaintiff's name in any public forum.

*J.S.C.*

**ORDERED**, that service of a copy of this Order to Show Cause together with the papers upon

which it is based including all exhibits shall be served on the defendants by Overnight Delivery on

or before the ___31st___ day of ___March___, 2025; and it is further,

*J.S.C.*

**ORDERED**, that opposition, if any, is to be ~~filed and~~ served *via Overnight Delivery* on or before

___May 12___, 2025; ~~and it is further,~~

*J.S.C.*

ENTER:

_____
J.S.C.

**HON. ERIK L. GRAY**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------------------X

███████████████████████

                        Plaintiff,                        **AFFIRMATION IN SUPPORT**

     -against-

                                              Index No.: 805101/2025E

DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH
LABS, LLC,

                        Defendants.
---------------------------------------------------------------------------X

       Craig Phemister, Esq. hereby affirms that the following statements are true under the penalties of perjury:

1. I am an attorney duly admitted to practice law in the Courts of the State of New York, and a partner at Liakas Law P.C., the attorneys for the petitioner in the above-entitled action and as such, am fully familiar with the facts and circumstances as well as the pleadings and proceedings in this matter.

2. I submit this affirmation in support of plaintiffs' application for an Order authorizing Plaintiff to proceed using the pseudonym caption she has used in the Amended Complaint filed on March 5, 2025 and attached hereto at Exhibit "C" and proceed under and be referred to in all papers in this action under "Jane Doe" so that all papers filed in this action, and all judgments, orders, decisions, notices to the Court and any other document relating to the action refer to Plaintiff by said pseudonym and directing the County Clerk to enter and record all papers in the action under the title JANE DOE. v. DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH LABS, LLC and that the original Summons and Complaint filed on March 4, 2025 be sealed or redacted to protect plaintiff's identity.

3. Plaintiff was a victim of a false DNA paternity test while she was pregnant, and defendants

informed plaintiff that the father of her unborn baby was not her fiancé and was 99.99% the man she brought in for testing. This test result caused conflict and strife within her family and ultimately plaintiff made the choice to terminate her pregnancy based on the false test result. Three months after terminating her pregnancy, the defendants notified her that they made a mistake and the man she brought in for testing was actually 0.0% chance the father – meaning the father *was* actually her fiancé.

4.  The knowledge of learning she had terminated her pregnancy based on false information, when she and her fiancé had been trying to get pregnant for months devastated the plaintiff emotionally severely affected her relationships.

5.  Plaintiff has e-filed a Summons & Complaint against Defendants on March 5, 2025 for damages for negligence and negligent infliction of emotional distress. See Summons and Complaint at Exhibit "A".

6.  Plaintiff seeks to prosecute her claims without publicly disclosing her identity as a victim of these events because this matter is highly sensitive and has already been an issue with some members of her family due to their opinions about family planning and a woman's right to choose her options. Plaintiff has already experienced significant regret, pain, shock, shame, and embarrassment due to the mental impact of the choices she had to make in a short time only to learn that she based her choices on false information provided by defendants, and this action poses risk of retaliatory harm to Plaintiffs due to the nature of her choices and her involvement with church, her job and her continuing education. See Plaintiff's Affidavit at Exhibit "B".

7.  This case involves matters which are ordinarily and customarily kept private because of their sensitive or personal nature.

8.  Plaintiff has suffered and continues to suffer great emotional distress and should be afforded

the protection of anonymity.

9.  Plaintiff is fully willing to disclose her name in private to Defendants throughout the course of this lawsuit but seeks the protection of this Court in remaining anonymous in any public filings or records.

10. The instant case involves acts that will center on information of highly sensitive and personal nature and as part of the proceedings the Plaintiff will be required to disclose information of the utmost intimacy.

11. Plaintiff seeks leave of Court and requests the Amended Complaint filed on March 5, 2025 and attached at Exhibit "C" replaces the original Summons and Complaint filed on March 4, 2025 and that the original Summons and Complaint be sealed as its contents are identical other than the plaintiff's name.

12. New York courts have consistently held that in any case in which an individual's history of very private and intimate matters could be disclosed in the course of the litigation, the individual may proceed under a pseudonym. *See Jane Doe 1 v. Beth Israel Med. Ctr.*, 2018 NY Slip Op 31964(U), ¶ 2 (Sup. Ct., New York Cty.); *Doe v. New York Univ.*, 6 Misc. 3d 866, 786 N.Y.S.2d 892 (N.Y. Sup. Ct. 2004) (permitting the plaintiffs to proceed anonymously in a sexual assault case); *Stevens v. Brown*, 2012 N.Y. Slip Op 31823(U) (Sup. Ct., N.Y. County 2012) (allowing the plaintiff to proceed under a pseudonym due to the deeply personal and sensitive subject matter involving sexually transmitted diseases); *Doe v. Szul Jewelry, Inc.*, No. 0604277/2007, 2008 N.Y. Misc., (Sup Ct, New York Cty. May 08, 2008) (permitting the plaintiff to use a pseudonym in an action involving claims related to sexual harassing material that created a potential for harm and embarrassment to the litigant).

13. New York Courts have recognized that individuals in a variety of contexts, such as those

involving such personal matters as sexual assault, sexual harassment, and drug use, have a strong interest in keeping their identity out of publicly filed documents. In such cases, the individual's right to privacy must be balanced against the rights of the opposing party and of the public at large.

14. When evaluating whether a plaintiff may maintain an action under a pseudonym the courts should consider the following factors: "(1) whether litigation involves matters that are highly sensitive and of personal nature; (2) whether identification poses risk of retaliatory harm to party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and likely severity of those harms; (4) whether plaintiff is particularly vulnerable to possible harms of disclosure; ... (6) whether defendant is prejudiced by allowing plaintiff to press claims anonymously; ... " See *Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185 (2d. Cir. 2008)*. In applying these factors, it is clear that Plaintiff in this case should be permitted to proceed under a pseudonym. The disclosure of information regarding Plaintiff's decision to terminate her pregnancy is a matter of "highly personal nature". Plaintiff is not requesting a pseudonym for the purpose of merely avoiding annoyance or embarrassment, but rather to avoid social stigmatization and further trauma by members of her community who would strongly disagree with her decision and a woman's freedom of choice.

15. The disclosure of Plaintiff's identities in this case poses a risk of further harm to her mental and emotional health and a risk for revictimization that should not be allowed.

16. That Defendants would not be prejudiced as they will be made aware of Plaintiff's identity in the discovery process and, thus will be able to investigate and defend against claims through the standard means of discovery.

17. In the instant case Plaintiff does not have an illegitimate ulterior motive to request the use of her name being a pseudonym. She is just trying to prevent these events from further harming her.

18. The only purpose of revealing Plaintiff's name could have would be to further harm and victimize the plaintiff and perhaps deter her from litigating the matter. In fact, revelation of plaintiff's identity would undermine the litigation by denying a portion of the relief ultimately requested in the action.

19. Plaintiff recognizes that the public has an interest in seeing this case determined on the merits, after the parties have had an opportunity to litigate the issues fully and properly. However, allowing Plaintiff to proceed under a pseudonym will not prejudice the public's interest as the case will be heard in an open judicial proceeding. Plaintiff is not requesting that *all* court filings be sealed, nor is she requesting that any measure be effected that would conceal from the public the facts underlying this lawsuit, other than her identity. As such, Plaintiff's request to proceed anonymously strikes the appropriate balance of preserving Plaintiffs' privacy interests while allowing the public to know the nature of this Complaint against Defendants and having the case litigated on its merits.

20. The courts have recognized that a grant of anonymity impacts far less on the public's right to open proceedings than does the closing of a courtroom or the sealing of records. *See Doe v. Bellmore-Merrick Central H. S. Dist., supra* at 701 (right to proceed anonymously is not equivalent to sealing records and does not prevent public from accessing records); *Anonymous v. Anonymous, supra* at 708; *EW v. N.Y. Blood Center, id.* at 111; *Doe v. Stegall, id.* at 185. Plaintiff's anonymity here will "will not obstruct the public's view of the issues joined or the court's performance in resolving them." *Doe I -XXIII v. Advanced Textile Corp.,*

*supra* at 1068-9.

21. In light of the well-accepted practice of permitting plaintiffs in these circumstances to proceed anonymously, and the clear policy of the State of New York to protect the confidentiality of that information, Plaintiff, by and through her attorney, respectfully submits that nothing more is needed to justify the use of a pseudonym here.

22. Plaintiffs further request that this Court issue an Order temporarily restraining Defendants from disclosing Plaintiff's personal information or name to the public.

23. That no previous application has been made for the relief requested herein.

**WHEREFORE,** Plaintiff respectfully requests that the Court grant this petition and consequently authorizes Plaintiff to proceed under and be referred to in all papers only by the pseudonym of her name and directing the County Clerk to enter and record all papers in the action under the title *"JANE DOE v.* DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH LABS, LLC" and that the original Summons and Complaint (NYSCEF doc #1) and this Order to Show Cause be sealed and replaced with the Amended Complaint (NYSCEF doc #3) which merely changes plaintiff's name to a pseudonym.

Dated: New York, New York
        March 5, 2025

Craig Phemister, Esq.
Liakas Law, P.C.
Attorneys for Plaintiff
40 Wall Street – 50th Floor
New York, New York 10005
212-937-7765

EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------------X

███████████

                           *Plaintiff,*

          -against-

DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH
LABS, LLC,

                         *Defendants.*

-------------------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**

Plaintiff designates Bronx
County as the place of trial.

The basis of venue is the
location of the incident and
Defendants' place of
business:
1805 Randall Ave.
Bronx, NY 10473

**To the above-named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: March 3, 2025
     New York, New York

                    LIAKAS LAW, P.C.

                    Craig Phemister, Esq.
                    Attorneys for the Plaintiff
                    40 Wall Street – 50th Floor
                    New York, New York 10005
                    (212) 937-7765

1

TO:

1. DNA Diagnostics Center, LLC
   C/O. Cogency Global, Inc.
   122 East 42nd Street – 18th Floor
   New York, New York 10168

2. Winn Health Labs, LLC
   1805 Randall Avenue
   Bronx, NY 10473

3. Winn Health Labs, LLC
   C/O Northwest Registered Agent LLC
   418 Broadway, Ste N
   Albany, NY 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------------X

                         *Plaintiff,*

          -against-

DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH
LABS, LLC,

                        *Defendants.*
-----------------------------------------------------------------------------X

Index No.:

**VERIFIED
COMPLAINT**

Plaintiff, by her attorneys, **LIAKAS LAW, P.C.**, complaining of the Defendants,
respectfully alleges, upon information and belief, the following:

## PARTIES

1. Plaintiff (hereinafter "███████") was at all times herein mentioned, and still is, a resident of
   the State of New York.

2. Defendant DNA DIAGNOSTICS CENTER, LLC is, and was at all times herein mentioned, a
   foreign limited liability company, duly authorized to do business in the State of New York but
   headquartered at DNA Technology Park, 1 DDC Way, Fairfield, OH 45014.

3. At all relevant times DNA DIAGNOSTICS CENTER, LLC regularly conducted business and
   derived substantial income in the State of New York.

4. Defendant WINN HEALTH LABS, LLC is, and was at all times herein mentioned, a domestic
   limited liability company, duly authorized to do business in the State of New York with an
   address at 1805 Randall Ave., Bronx, New York 10473.

5. Defendants DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH LABS, LLC are
   affiliated with one another and are in the business, in part, of obtaining specimens and analyzing
   them for prenatal paternity DNA tests all over the country.

3

6. According to its website, defendant DNA DIAGNOTSTICS CENTER, LLC has 28 years of DNA testing expertise, they have 3,718 (DNA) collection locations across the USA and they have served 23,470,350 paternity clients.

7. According to its website, defendant WINN HEALTH LABS, LLC services the entire Tri-state area and beyond providing a wide range of services including paternity, relationship, immigration and prenatal DNA testing conducted by NYDOH and AABB certified labs, ensuring reliable and court-admissible results. They further state that AABB certified specialists and experienced professionals manage the entire process from start to finish, ensuring accuracy and ease.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the parties pursuant to New York's Civil Practice Law and Rules ("CPLR") §301.

9. Venue in this County is proper pursuant to CPLR §503(a) and §503(c).

10. Plaintiffs demand judgment against Defendants in an amount exceeding the jurisdiction of all lower courts.

## FACTUAL ALLEGATIONS

11. For a period of time prior to August 2024,          was engaged to non-party John Doe and they had been trying to get pregnant for several months.

12. Due in part to their inability to conceive causing stress and aggravation, their relationship started to suffer, and they separated for a period of time.

13. During this separation period,          had a sexual encounter with non-party, Jack Doe, but did not intend to further develop any type of relationship with him.

14. Subsequently,          and John Doe re-kindled their relationship and were again trying to build a family.

15. On or about August 11, 2024,          learned that she was pregnant.

4

16. On or about the last week of August 2024 ███████ took steps to confirm the father of her baby by taking an at-home DNA test with Jack Doe but it came back inconclusive.

17. Although she had very little doubt in her mind, between the timing of her encounter with Jack Doe and the family planning she had been doing with John Doe, ███████ wanted to be certain the baby was not Jack Doe's baby because the first testing was inconclusive.

18. After researching various websites, ███████ found and contacted defendant DNA DIAGNOSTICS CENTER, LLC on or about October 19, 2024. She was impressed by them because they held themselves out to be "World leaders in DNA testing" and "Trusted by hospitals, governments, and legal authorities". This sounded like the certainty she was looking for. The below is taken from the website read by ███████





19. ███████ ordered and paid for the in-person, Non-Invasive Prenatal Paternity testing (NIPP). She was directed to a location near her for the specimen collection. ███████ took Jack Doe with her to defendant WINN HEALTH LABS, LLC's location at 1805 Randall Ave., Bronx, New York 10473 so he could give the appropriate sample. ███████ was diligently searching for certainty so she could make decisions about her future with John Doe.

5

20. Defendant DNA DIAGNOSTICS CENTER, LLC offered her the NIPP testing through their website which further assured her of certainty.



Paternity ˅    Immigration    Relationship    Results

# You deserve certainty.

**With Non-Invasive Prenatal Paternity testing (NIPP), both parents can get the answers they need before the baby is born.**

NIPP testing determines biological fatherhood using a blood sample from the mother, and a cheek swab (or other DNA sample) from the potential father with over 99.9% confidence, starting at 7 weeks of pregnancy.

**Don't live with uncertainty about your baby's father.**
Whether you need answers for your own peace of mind, or your partner needs clarity before embarking on the parenthood journey, we're here to help. Call for a free consultation today, and get answers to help you make the next right step.

GET A FREE EXPERT CONSULT: 800-520-6231

21. On or about the week of October 21st, 2024 upon entering the location of WINN HEALTH LABS, LLC. ▇▇▇▇▇▇ observed that a portion of the location was actually a hair salon and she was greeted by the receptionist of the hair salon. Once she informed the receptionist that she was looking for a DNA testing lab ▇▇▇▇▇▇ was directed to the back of the hair salon into a different room. ▇▇▇▇▇▇ then had her blood drawn and Jack Doe had a buccal swab. She was told she would have the results in a week or two and they left the location.

22. ▇▇▇▇▇▇ and John Doe continued working on their relationship, hopeful for the future and grateful for the opportunity to start the family they had been planning and trying for.

23. On October 26, 2024, ▇▇▇▇▇▇ and John Doe had a gender-reveal party as she was now approximately 17 weeks pregnant and knew she was pregnant with a baby girl.

24. On or about October 30, 2024 ▇▇▇▇▇▇ was notified that the test results were available but because there was an outstanding balance the results could not be released until the service was paid in full. ▇▇▇▇▇▇ had paid in full, even prior to providing the DNA samples and she had to call a representative to prove that she had already paid.

6

25. On October 31, 2024 ███████ was able to log into the portal of defendant DNA
DIAGNOSTICS CENTER, LLC to get the results.

26. To ███████'s utter surprise, disappointment and frustration, the NIPP testing showed that
Jack Doe, not her fiancé John Doe, was the father with 99.99% certainty.

27. On the same day she got the test results, ███████ had to break the news to John Doe that he
was not the father of her baby. For obvious reasons, this news was a devastating setback to her
and John Doe's relationship.

28. Despite the obstacles, ███████ and John Doe frantically continued trying to work on
maintaining the relationship they had, trying to make the right decisions about how to move
forward when they believed ███████ was pregnant by another man. Time was running out
for any available family planning tools offered in New York.

29. After a week of anxiety, stress, arguments, confrontations and conversations with John Doe and
with family members, ███████ made the excruciating decision to terminate her pregnancy
in an attempt to salvage her relationship with John Doe.

30. On or about November 7, 2024, ███████ underwent the procedure to terminate her
pregnancy and then moved out of the apartment she shared with John Doe.

31. For the next several months, ███████ and John Doe struggled with the consequences of her
decision but tried to get back to a healthy relationship.

32. On or about February 14, 2025, on Valentine's Day, ███████ received a call from a
representative from defendant DNA DIAGNOSTICS CENTER, LLC who left a message that
she needs to speak with ███████ and Jack Doe and requested ███████ call them back.
On February 17, 2024 after coordinating a date and time with Jack Doe, they both were on the
phone and called back the representative from DNA DIAGNOSTICS CENTER, LLC.

33. ███████ was informed in the phone call that there had been "an I.T. error" and that there
was actually a 0.0% chance that Jack Doe was the father of her baby – the baby she was no

7

longer pregnant with because of her reliance on the test results given to her October 31, 2024, over three months before.

## FIRST CAUSE OF ACTION
### (Negligence)

34. Defendants DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH LABS, LLC, their officers, directors, supervisors, managers, affiliates, agents, and/or employees had a duty to properly collect specimens for testing, accurately label said specimens, properly ship and handle said specimens and ultimately provide accurate results for the DNA paternity testing for which the plaintiff paid.

35. Defendants DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH LABS, LLC, their officers, directors, supervisors, managers, affiliates, agents, and/or employees had a duty to timely and accurately verify testing results and employ quality control methods to prevent "I.T. errors" or any other errors that caused any delay in identifying the incorrect test results and in promptly notifying the plaintiff of such an error.

36. Defendants DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH LABS, LLC, their officers, directors, supervisors, managers, affiliates, agents, and/or employees breached this duty by failing to properly train and supervise their officers, directors, supervisors, managers, affiliates, agents, and/or employees and by failing to promptly notify ████████ of the error before she had to make the decision whether to terminate her pregnancy or not.

37. By breaching the aforementioned duties DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH LABS, LLC caused Plaintiff to be emotionally distressed, suffer mental anguish and lose her parental rights.

38. As a consequence of Defendants' negligence described above, Plaintiff has suffered, continues to suffer, and will in the future suffer irreparable loss and injury, including but not limited to physical and emotional pain and suffering, great mental distress, shock, fright, economic loss, humiliation, embarrassment, emotional distress, feelings of stigmatization, and an increased sense of vulnerability.

8

## SECOND CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 39 inclusive, as though fully set forth at length herein.

40. As a consequence of Defendants DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH LABS, LLC and the wholly unlawful, unreasonable, outrageous and extreme conduct of their officers, directors, supervisors, managers, affiliates, agents, and/or employees, Defendants DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH LABS, LLC negligently inflicted emotional distress upon the plaintiff ██████████

41. From on or about October 21, 2024, defendants DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH LABS, LLC, through a pattern of extreme and outrageous conduct, which was beyond all possible bounds of decency, and which may be regarded as atrocious and utterly intolerable within a civilized society, gave a nearly 5-month pregnant plaintiff inaccurate DNA paternity test results, knowing she would have very little time to make a decision on whether to keep her pregnancy or not, and then outrageously failed to inform plaintiff of their error until approximately 4 months later – after it was too late and she had made her decision to terminate her pregnancy based on defendants 99.99% certainty that her fiancé was NOT the father.

42. As a result of defendants actions described above, plaintiff has suffered, continue to suffer, and will in the future suffer irreparable loss and injury, including but not limited to physical and emotional pain and suffering, great mental distress, shock, fright, economic loss, humiliation, embarrassment, emotional distress, feelings of stigmatization, and an increased sense of vulnerability.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants in an amount which exceeds the jurisdictional limits of all lower Courts, together with reasonable attorney's fees, and the costs and disbursements of this action, and such other and further relief as the courts deems just and proper.

Dated: March 4, 2025
       New York, New York

LIAKAS LAW, P.C.

CRAIG PHEMISTER, ESQ.
Attorneys for Plaintiff
40 Wall Street – 50th Floor
New York, New York 10005
(212) 937-7765

**ATTORNEY'S VERIFICATION**

10

**CRAIG PHEMISTER** an attorney duly admitted to practice before the Courts of the State of New York affirms the following to be true under the penalties of perjury:

I am a partner at LIAKAS LAW, P.C., attorneys of record for Plaintiff in the action within. I have read the annexed

### SUMMONS and VERIFIED COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not the Plaintiff is that Plaintiff does not reside in the county wherein the attorney for the Plaintiff maintains our offices.


DATED: March 4, 2025
New York, New York


**CRAIG PHEMISTER, ESQ.**

11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

--------------------------------------------------------------------X    Index No.:

*Plaintiff,*

-against-

DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH
LABS, LLC,

*Defendants.*
--------------------------------------------------------------------X

## SUMMONS AND VERIFIED COMPLAINT

**LIAKAS LAW, P.C.**
Attorneys for Plaintiff
40 Wall Street – 50th floor
New York, NY 10005
212-937-7765

The undersigned attorney hereby certifies, pursuant to 22 NYCRR 130-1.1-a that he/she has read
the within papers and that same are not frivolous as that term is defined in 22 NYCRR 130-
1.1(c).

**CRAIG PHEMISTER**

Service of a copy of the within                                      is hereby admitted.
Dated,        _____
        Attorney(s) for _____

PLEASE TAKE NOTICE:
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of an                    duly entered in the        office of
the clerk of the within named court on _____ 2021.

☐ NOTICE OF SETTLEMENT
that an order                          of which the within is a true copy
will be presented for settlement to the HON.        one of the judges of the
within named Court, at                                on 2021, at_____ O'clock ___.M.

Dated, _____

                        Yours, etc.

                        LIAKAS LAW, P.C.

EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------------------X

███████████████████████,

                  Plaintiff,

      -against-

DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH
LABS, LLC,

                  Defendants.

---------------------------------------------------------------------------X

Index No.:  805101/2025E

**PLAINTIFF'S AFFIRMATION**

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss: |
| COUNTY OF BRONX | ) |

        ███████████████, hereby affirms pursuant to NY CPLR §2106 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the following is true, and I understand that this document may be filed in an action or proceeding in a court of law:

1. I am the Plaintiff herein and I am fully familiar with the facts and circumstances as well as the pleadings and proceedings in this matter.

2. I submit this Affirmation in further support of my application authorizing me, the Plaintiff in this case, to proceed under and be referred to in all papers by the pseudonym "JANE DOE".

3. As indicated in the Complaint and in my attorney's Affirmation supporting this Order to Show Cause, I chose to terminate my pregnancy due to incorrect results from a DNA paternity test by defendants that showed my fiancé was not the father of the baby I was carrying. I was up against the time limit in New York for terminating pregnancy and had to make a fast decision. It wasn't until three months after I terminated my pregnancy that the

defendants called me and explained they had made a mistake and the paternity test was actually incorrect – meaning my fiancé was actually the father. But it was too late.

4. I do not desire to publicly disclose my identity as a person who chose to terminate her pregnancy as this matter is highly sensitive, and I have already experienced significant sadness, shock, shame, and embarrassment due to the mental impact of the false information and pregnancy termination. I fear retaliation by others in the community for my choice as I am an active member of a church and have family and friends in my community who are actively against such a choice.

5. It was very difficult for me to come forward and talk about the events that occurred. I have suffered depression, anxiety, lack of sleep, distress and I am fearful that a public disclosure will cause further emotional trauma.

6. I do not want to bear the stigma that can be associated with the choice I had to make with the information I had.

7. This is a private and sensitive matter and I wish to keep it that way.

8. I understand that, through the course of litigation, I will have to share my identity with the defendants, and I am willing to do that. I just don't want my name to be in any public filings or in the public at all.

9. I have reviewed the application for relief that is being requested of this court and find it to be true and accurate. I hereby join in my attorney's requests for relief.

10. That no previous application has been made for the relief requested herein.

11. That I respectfully request that the application for use of pseudonym be granted, and that this Court grant any other remedy this court deems proper.


Dated: March 5, 2025
       New York, New York



EXHIBIT "C"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------X
JANE DOE,

                            *Plaintiff,*

          -against-

DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH
LABS, LLC,

                         *Defendants.*

-------------------------------------------------------------------------X

Index No.: 805101/2025E
Date Purchased: 03/04/2025

**SUPPLEMENTAL
SUMMONS**

Plaintiff designates Bronx
County as the place of trial.

The basis of venue is the
location of the incident and
Defendants' place of
business:
1805 Randall Ave.
Bronx, NY 10473

**To the above-named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your
answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the
plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of
service, where service is made by delivery upon you personally within the state, or, within 30 days
after completion of service where service is made in any other manner. In case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: March 5, 2025
       New York, New York

                    LIAKAS LAW, P.C.

                    Craig Phemister, Esq.
                    Attorneys for the Plaintiff
                    40 Wall Street – 50th Floor
                    New York, New York 10005
                    (212) 937-7765

TO:

1. DNA Diagnostics Center, LLC
   C/O. Cogency Global, Inc.
   122 East 42nd Street – 18th Floor
   New York, New York 10168

2. Winn Health Labs, LLC
   1805 Randall Avenue
   Bronx, NY 10473

3. Winn Health Labs, LLC
   C/O Northwest Registered Agent LLC
   418 Broadway, Ste N
   Albany, NY 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------X
JANE DOE,

                              *Plaintiff,*

              -against-

DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH
LABS, LLC,

                             *Defendants.*
-------------------------------------------------------------------------X

Index No.: 805101/2025E

**AMENDED
VERIFIED
COMPLAINT**

Plaintiff, by her attorneys, **LIAKAS LAW, P.C.**, complaining of the Defendants, respectfully alleges, upon information and belief, the following:

## PARTIES

1. Plaintiff (hereinafter "Ms. Doe") was at all times herein mentioned, and still is, a resident of the State of New York.

2. Defendant DNA DIAGNOSTICS CENTER, LLC is, and was at all times herein mentioned, a foreign limited liability company, duly authorized to do business in the State of New York but headquartered at DNA Technology Park, 1 DDC Way, Fairfield, OH 45014.

3. At all relevant times DNA DIAGNOSTICS CENTER, LLC regularly conducted business and derived substantial income in the State of New York.

4. Defendant WINN HEALTH LABS, LLC is, and was at all times herein mentioned, a domestic limited liability company, duly authorized to do business in the State of New York with an address at 1805 Randall Ave., Bronx, New York 10473.

5. Defendants DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH LABS, LLC are affiliated with one another and are in the business, in part, of obtaining specimens and analyzing them for prenatal paternity DNA tests all over the country.

3

6. According to its website, defendant DNA DIAGNOTSTICS CENTER, LLC has 28 years of DNA testing expertise, they have 3,718 (DNA) collection locations across the USA and they have served 23,470,350 paternity clients.

7. According to its website, defendant WINN HEALTH LABS, LLC services the entire Tri-state area and beyond providing a wide range of services including paternity, relationship, immigration and prenatal DNA testing conducted by NYDOH and AABB certified labs, ensuring reliable and court-admissible results. They further state that AABB certified specialists and experienced professionals manage the entire process from start to finish, ensuring accuracy and ease.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the parties pursuant to New York's Civil Practice Law and Rules ("CPLR") §301.

9. Venue in this County is proper pursuant to CPLR §503(a) and §503(c).

10. Plaintiffs demand judgment against Defendants in an amount exceeding the jurisdiction of all lower courts.

## FACTUAL ALLEGATIONS

11. For a period of time prior to August 2024, Ms. Doe was engaged to non-party John Doe and they had been trying to get pregnant for several months.

12. Due in part to their inability to conceive causing stress and aggravation, their relationship started to suffer, and they separated for a period of time.

13. During this separation period, Ms. Doe had a sexual encounter with non-party, Jack Doe, but did not intend to further develop any type of relationship with him.

14. Subsequently, Ms. Doe and John Doe re-kindled their relationship and were again trying to build a family.

15. On or about August 11, 2024, Ms. Doe learned that she was pregnant.

4

16. On or about the last week of August 2024 Ms. Doe took steps to confirm the father of her baby by taking an at-home DNA test with Jack Doe but it came back inconclusive.

17. Although she had very little doubt in her mind, between the timing of her encounter with Jack Doe and the family planning she had been doing with John Doe, Ms. Doe wanted to be certain the baby was not Jack Doe's baby because the first testing was inconclusive.

18. After researching various websites, Ms. Doe found and contacted defendant DNA DIAGNOSTICS CENTER, LLC on or about October 19, 2024. She was impressed by them because they held themselves out to be "World leaders in DNA testing" and "Trusted by hospitals, governments, and legal authorities". This sounded like the certainty she was looking for. The below is taken from the website read by Ms. Doe.





## World leaders in DNA testing

Go to your DNA collection appointment at one of our 3,500+ nationwide locations as soon as the same day!

✓ Over 20 million tests performed
✓ Uses advanced technology & processes
✓ Maintains the highest levels of accreditation
✓ Trusted by hospitals, governments, and legal authorities

FIND A LOCATION NEAR ME

19. Ms. Doe ordered and paid for the in-person, Non-Invasive Prenatal Paternity testing (NIPP). She was directed to a location near her for the specimen collection. Ms. Doe took Jack Doe with her to defendant WINN HEALTH LABS, LLC's location at 1805 Randall Ave., Bronx, New York 10473 so he could give the appropriate sample. Ms. Doe was diligently searching for certainty so she could make decisions about her future with John Doe.

5

20. Defendant DNA DIAGNOSTICS CENTER, LLC offered her the NIPP testing through their website which further assured her of certainty.



# You deserve certainty.

**With Non-Invasive Prenatal Paternity testing (NIPP), both parents can get the answers they need before the baby is born.**

NIPP testing determines biological fatherhood using a blood sample from the mother, and a cheek swab (or other DNA sample) from the potential father with over 99.9% confidence, starting at 7 weeks of pregnancy.

**Don't live with uncertainty about your baby's father.**
Whether you need answers for your own peace of mind, or your partner needs clarity before embarking on the parenthood journey, we're here to help. Call for a free consultation today, and get answers to help you make the next right step.

GET A FREE EXPERT CONSULT: 800-570-6231

21. On or about the week of October 21st, 2024 upon entering the location of WINN HEALTH LABS, LLC, Ms. Doe observed that a portion of the location was actually a hair salon and she was greeted by the receptionist of the hair salon. Once she informed the receptionist that she was looking for a DNA testing lab, Ms. Doe was directed to the back of the hair salon into a different room. Ms. Doe then had her blood drawn and Jack Doe had a buccal swab. She was told she would have the results in a week or two and they left the location.

22. Ms. Doe and John Doe continued working on their relationship, hopeful for the future and grateful for the opportunity to start the family they had been planning and trying for.

23. On October 26, 2024, Ms. Doe and John Doe had a gender-reveal party as she was now approximately 17 weeks pregnant and knew she was pregnant with a baby girl.

24. On or about October 30, 2024 Ms. Doe was notified that the test results were available but because there was an outstanding balance the results could not be released until the service was paid in full. Ms. Doe had paid in full, even prior to providing the DNA samples and she had to call a representative to prove that she had already paid.

6

25. On October 31, 2024 Ms. Doe was able to log into the portal of defendant DNA DIAGNOSTICS CENTER, LLC to get the results.

26. To Ms. Doe's utter surprise, disappointment and frustration, the NIPP testing showed that Jack Doe, not her fiancé John Doe, was the father with 99.99% certainty.

27. On the same day she got the test results, Ms. Doe had to break the news to John Doe that he was not the father of her baby. For obvious reasons, this news was a devastating setback to her and John Doe's relationship.

28. Despite the obstacles, Ms. Doe and John Doe frantically continued trying to work on maintaining the relationship they had, trying to make the right decisions about how to move forward when they believed Ms. Doe was pregnant by another man. Time was running out for any available family planning tools offered in New York.

29. After a week of anxiety, stress, arguments, confrontations and conversations with John Doe and with family members, Ms. Doe made the excruciating decision to terminate her pregnancy in an attempt to salvage her relationship with John Doe.

30. On or about November 7, 2024, Ms. Doe underwent the procedure to terminate her pregnancy and then moved out of the apartment she shared with John Doe.

31. For the next several months, Ms. Doe and John Doe struggled with the consequences of her decision but tried to get back to a healthy relationship.

32. On or about February 14, 2025, on Valentine's Day, Ms. Doe received a call from a representative from defendant DNA DIAGNOSTICS CENTER, LLC who left a message that she needs to speak with Ms. Doe and Jack Doe and requested Ms. Doe call them back. On February 17, 2024 after coordinating a date and time with Jack Doe, they both were on the phone and called back the representative from DNA DIAGNOSTICS CENTER, LLC.

33. Ms. Doe was informed in the phone call that there had been "an I.T. error" and that there was actually a 0.0% chance that Jack Doe was the father of her baby – the baby she was no longer

7

pregnant with because of her reliance on the test results given to her October 31, 2024, over three months before.

## FIRST CAUSE OF ACTION
### (Negligence)

34. Defendants DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH LABS, LLC, their officers, directors, supervisors, managers, affiliates, agents, and/or employees had a duty to properly collect specimens for testing, accurately label said specimens, properly ship and handle said specimens and ultimately provide accurate results for the DNA paternity testing for which the plaintiff paid.

35. Defendants DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH LABS, LLC, their officers, directors, supervisors, managers, affiliates, agents, and/or employees had a duty to timely and accurately verify testing results and employ quality control methods to prevent "I.T. errors" or any other errors that caused any delay in identifying the incorrect test results and in promptly notifying the plaintiff of such an error.

36. Defendants DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH LABS, LLC, their officers, directors, supervisors, managers, affiliates, agents, and/or employees breached this duty by failing to properly train and supervise their officers, directors, supervisors, managers, affiliates, agents, and/or employees and by failing to promptly notify Ms. Doe of the error before she had to make the decision whether to terminate her pregnancy or not.

37. By breaching the aforementioned duties DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH LABS, LLC caused Plaintiff to be emotionally distressed, suffer mental anguish and lose her parental rights.

38. As a consequence of Defendants' negligence described above, Plaintiff has suffered, continues to suffer, and will in the future suffer irreparable loss and injury, including but not limited to physical and emotional pain and suffering, great mental distress, shock, fright, economic loss, humiliation, embarrassment, emotional distress, feelings of stigmatization, and an increased sense of vulnerability.

8

## SECOND CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 39 inclusive, as though fully set forth at length herein.

40. As a consequence of Defendants DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH LABS, LLC and the wholly unlawful, unreasonable, outrageous and extreme conduct of their officers, directors, supervisors, managers, affiliates, agents, and/or employees, Defendants DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH LABS, LLC negligently inflicted emotional distress upon the plaintiff Ms. Doe.

41. From on or about October 21, 2024, defendants DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH LABS, LLC, through a pattern of extreme and outrageous conduct, which was beyond all possible bounds of decency, and which may be regarded as atrocious and utterly intolerable within a civilized society, gave a nearly 5-month pregnant plaintiff inaccurate DNA paternity test results, knowing she would have very little time to make a decision on whether to keep her pregnancy or not, and then outrageously failed to inform plaintiff of their error until approximately 4 months later – after it was too late and she had made her decision to terminate her pregnancy based on defendants 99.99% certainty that her fiancé was NOT the father.

42. As a result of defendants actions described above, plaintiff has suffered, continue to suffer, and will in the future suffer irreparable loss and injury, including but not limited to physical and emotional pain and suffering, great mental distress, shock, fright, economic loss, humiliation, embarrassment, emotional distress, feelings of stigmatization, and an increased sense of vulnerability.

9

**WHEREFORE**, Plaintiffs demand judgment against the Defendants in an amount which exceeds the jurisdictional limits of all lower Courts, together with reasonable attorney's fees, and the costs and disbursements of this action, and such other and further relief as the courts deems just and proper.

Dated: March 5, 2025
       New York, New York

LIAKAS LAW, P.C.

CRAIG PHEMISTER, ESQ.
Attorneys for Plaintiff
40 Wall Street – 50th Floor
New York, New York 10005
(212) 937-7765

10

## ATTORNEY'S VERIFICATION

**CRAIG PHEMISTER** an attorney duly admitted to practice before the Courts of the State of New York affirms the following to be true under the penalties of perjury:

I am a partner at LIAKAS LAW, P.C., attorneys of record for Plaintiff in the action within. I have read the annexed

### SUMMONS and VERIFIED COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not the Plaintiff is that Plaintiff does not reside in the county wherein the attorney for the Plaintiff maintains our offices.

DATED: March 4, 2025
      New York, New York

**CRAIG PHEMISTER, ESQ.**

11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------X    Index No.:

JANE DOE,

                         *Plaintiff,*

        -against-

DNA DIAGNOSTICS CENTER, LLC and WINN HEALTH
LABS, LLC,

                        *Defendants.*

-------------------------------------------------------------------X

### SUMMONS AND VERIFIED COMPLAINT

**LIAKAS LAW, P.C.**
Attorneys for Plaintiff
40 Wall Street – 50th floor
New York, NY 10005
212-937-7765

The undersigned attorney hereby certifies, pursuant to 22 NYCRR 130-1.1-a that he/she has read
the within papers and that same are not frivolous as that term is defined in 22 NYCRR 130-
1.1(c).

**CRAIG PHEMISTER**

Service of a copy of the within                         is hereby admitted.
Dated,
       Attorney(s) for

PLEASE TAKE NOTICE:
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of an           duly entered in the     office of
the clerk of the within named court on _____2021.

☐  NOTICE OF SETTLEMENT
that an order              of which the within is a true copy
will be presented for settlement to the HON.      one of the judges of the
within named Court, at              on 2021, at_____ O'clock ___.M.

Dated, _____

                       Yours, etc.

                       LIAKAS LAW, P.C.