```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                               :
JANE DOE,                                 :

                                     Plaintiff,     :               1:25-cv-2878-GHW

                               -v-                       :                    <u>ORDER</u>

DNA DIAGNOSTICS CENTER, LLC, *et al.*,    :

                                  Defendants.    :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       On September 25, 2025, Plaintiff Jane Doe filed a letter requesting a conference so that the Court could assist the parties in finalizing a settlement agreement. Dkt. No. 48. That request is denied. The Court reminds the parties that the case management plan and scheduling order, Dkt. No. 44, governs all deadlines in this case—including for the completion of discovery. As the Court cautioned the parties during the conference held on June 12, 2025, these deadlines are not automatically extended as a result of settlement discussions.

       On October 6, 2025, Defendants DNA Diagnostics Center, LLC and Winn Health Labs, LLC filed a letter motion to seal portions of Plaintiff's letter at Dkt. No. 48. Dkt. No. 52. Plaintiff responded to that motion on the same day. Dkt. No. 53. For the reasons that follow, the Court denies the motion to seal without prejudice.

       In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars disclosure. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, the Court "proceeds to 'determine the weight of the presumption of

access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

On the basis of Defendant's motion, the Court cannot conclude that there is sufficient reason to overcome the presumption of access. The resolution of step one of the *Mirlis* inquiry is clear: Plaintiff's letter is a judicial document because it has been placed before the Court by the parties and is useful to this Court's process. *Id.* at 59. Defendant's motion does not analyze the other two *Mirlis* steps. Any renewed motion must consider the standard applicable to a motion to seal.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 48 and 52.

SO ORDERED.

Dated: October 7, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge